22-209
SECT. J MAG. 5

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

2022 JAN 31  P 12:27

CAROL L. MICHEL CC

Plaintiff:

Dr. Boris Odynocki
*Plaintiff pro se*

    V.

Defendants:

1. Southern University at New Orleans
2. Dr. Ray L. Belton
3. Dr. James Ammons
4. Dr. Gregory F. Ford

Division

Case No._____

Jury Trial: Yes

## COMPLAINT FOR A CIVIL CASE

**ABSTRACT:** Plaintiff was granted tenure at SUNO on June 28, 1986. At all times he performed his duties in exemplary fashion. On November 11, 2021, Dr. Odynocki was abruptly suspended with pay from his courses by a notice from Dr. Gregory Ford, Vice-Chancellor for Academic Affairs. Dr. Odynocki's teaching assignments for the Spring of 2022 were cancelled as well. The move was justified by Dr. Ford by his desire to do free investigation of numerous complaints against the plaintiff by the staff and students.

    But at the end of December of 2021, Dr. Ford did not know what exactly complaints he was investigating. Neither was he able to reveal his findings. On January 4, 2022, plaintiff discovered that he was removed from the payroll as well – without a notice! Dr. Odynocki has been terminated without due process and without cause as required by the University's bylaws and by the Constitution of the United States. (Amendment IV, Section 1, which shields citizens' property from arbitrary seizure by the government.) According to the courts, tenure conveys property rights. In addition, the Southern University System's own rules require: that "Notice of termination shall be provided to a tenured member of the faculty, no less than equivalent of one academic year prior to the effective date of the termination of employment." There was no such notice. The plaintiff prays for relief.

Receipt #
X Fee #402.00 LAE071287
___Process_____
X Dktd_____
___CtRmDep_____
___Doc.No._____

1

I. **The Parties to This Complaint**

  A. **The Plaintiff**

Dr. Boris Odynocki

Tenured Associate Professor at SUNO

234 Goldenwood Dr.

Slidell, La 70461

Tel: 985-649-4844

E-mail Address: odynock@aol.com

  B. **The Defendants:**

   Defendant No.1

   Southern University at New Orleans (SUNO)

   A Branch of Southern University System in Louisiana

   6400 Press Dr.

   Tel: 504-286-5000

   Defendant No. 2

   Dr. Ray L. Belton, the President-Chancellor of the Southern University System,

   J.S. Clark Adm. Bldg., 4th floor, Baton Rouge, La 70813. He resides at 18821 Cotton Bay Court,

   Baton Rouge, Louisiana, 70809. Tel: 225-421-1104; 318-617-2697.

   Defendant No.3

   Dr. James Ammons, Chancellor of Southern University at New Orleans;

2

6400 Press Dr. New Orleans, La. 70126; Tel: 504-286-5311.

Defendant No 4

Dr. Gregory F. Ford, Vice-Chancellor for Academic Affairs at SUNO; 6400 Press Dr.,

New Orleans, La 70126, Tel: 504-286-5381. E-mail: gford@suno.edu.

## JURISDICTION

1.

Jurisdiction for this action arises under the United States, particularly the First and Fourth Amendments for denial of Dr. Odynocki's right to due process, under the equal protection and right to freedom of speech; the Reconstruction Era Civil Rights Act, codified at 42 USC Sec. 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec 2000e seq; and the law of the state of Louisiana.

2.

Jurisdiction over federal Issues is invoked pursuant to 28 U.S.C. Sec 1343 (4) and 42 U.S.C. Sec. 2000e-5(f); and over the state law claims pursuant to the Doctrine of Pendant Jurisdiction.

3.

Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. Sec. 2001 and 2002; 42 U.S.C. Sec. 1981 and 2000e-5(g); and the pendant claims.

4.

Compensatory and punitive damages are sought pursuant to 42 U.S.C. 1981 et seq and the pendant claims.

5.

Costs may be awarded pursuant to 42 U.S.C. Sec. 1988 and 2000e-5(k) and Federal Rules of Civil Procedure, Rule 54.

6.

This action properly lies in the Eastern District of Louisiana, pursuant to 28 U.S.C. Sec 1391 (b), because the claim arose in this judicial district, and pursuant to 42 U.S.C. Sec. 2000e-5(f) (3) because the unlawful employment practice was committed in this judicial district.

**LEGAL BASIS:**

7.

Plaintiff is a white American citizen of Russian origin, 80 years old and resident of St. Tammany Parish. He received tenure as a professor at SUNO by letter of appointment of June 28, 1986 in the Division of Social Sciences. (Exhibit 1) According to *the Bylaws and Regulations of the Board of Supervisors of the Southern University, (Bylaws and Regulations* from now on) "tenure is not employment for a specified term; it is the right to continued employment, subject to dismissal for cause." And further, "Any appointment, whether temporary, probationary, or tenured, may be terminated for cause. However, dismissal for cause carries with it the right to a hearing in accordance with principles of due process and accepted academic practice. (*Bylaws and Regulations of the Board, Article VIII Sect.6*). Tenure conveys onto the plaintiff property right. *[Board of Regents v. Roth, 408 U.S. 564, 568, 92 S. Ct. 2701, 2704, 33 L Ed. 2d 548 (1976)]*

8.

If there is a protected property interest, then petitioner has due process rights in his tenured position. (Roth, 408 U.S. at 569, 92 S. Ct. at 2704) guaranteed by the Constitution of the United States with its Amendment XIV, Section 1 that reads: "No State… shall deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

4

9.

At all times, Dr. Boris Odynocki performed his duties as a tenured professor in an exemplary manner.

10.

On October 21, 2021, a student of Dr. Boris Odynocki, who received a D for her open book, take home exam, filed a derogatory complaint with the SUNO administration criticizing Dr. Odynocki for speaking negatively in class of Black colleges and SUNO administration (Exhibit 2)

11.

Plaintiff responded to some of the charges, but refused to answer others because of their absurd and insulting content. (Exhibit 3, p.6, email October 26, 2021 8:42 pm) Also, because the student refused to discuss her complaint with Dr. Odynocki directly as required by the SUNO rules regulating students' complaints.

12.

Dean Dr. Harrell insisted, however, that all charges must be answered. "While freedom of speech is just a freedom – she wrote – the appropriateness of the context for a classroom and its impact on our students must also be considered for any violation of University's expectations for professional conduct. (Exhibit 3, p.6, email fromEHarrell@suno.edu, Oct 26, 2021 8:52: 23 pm).

13.

Clearly, Dean Harrell demanded the right to censor Dr. Odynocki's speech in the classroom! The SUNO administration thereby seeks to abridge and suppress the professor's right to free speech as specified in the tenure contract. According to Bylaws and Regulations of Southern University, "Academic freedom is perceived as the right of members of the academic community freely study, discuss, investigate, teach, conduct research, and publish as appropriate to their respective roles and responsibilities" (Article VIII, Sect. 1)

14.

On Nov. 11, 2021, Dr. Odynocki was abruptly suspended with pay from teaching all of his courses, without warning, by notice of suspension from Dr. Gregory Ford, Vice-Chancellor for Academic Affairs. (Exhibit 4). The teaching assignments scheduled for him to teach in the Spring Semester of 2022 were hurriedly cancelled as well without explanation.

15.

On January 4, 2022, plaintiff discovered that not only his courses were cancelled, but his name was removed from the payroll as well - without notice!

16.

When he contacted Dr. Gregory Ford with a request for an explanation of his (Dr. Odynocki's) status at SUNO, Dr. Ford ignored him.

17.

It becomes obvious that Dr. Odynocki's tenured position had been terminated without a due process and without a cause as required by his tenure contract. And yet, according to the Bylaws and Regulations, "tenure appointments are for an indefinite period of time… It does assure that the employee will not be dismissed without adequate justification and without due process. (Chapter II, Section 2-8, 3).

18.

Internal appeals were ignored by Dr. Ray Belton, the President of Southern University, and Dr. James Ammons, Chancellor of SUNO. (Exhibits 5 and 6)

19.

Dr. Odynocki's contractual rights as tenured professor at SUNO have been violated in the following non-exclusive particulars:

   a. Termination without cause;

   b. Termination without financial exigency;

   c. Termination without a reason justified by the Bylaws and Regulations of the Board of Supervisors of Southern University System (herein after Bylaws and Regulations of the Board);

   d. Denial of his right to liberty established by the Bylaws and Regulations of the Board;

   e. Violation of his right to due process by SUNO's failure to follow its own regulations and bylaws with regard to termination of Dr. Odynocki's employment;

   f. Denial without due process Dr. Odynocki'd right to freedom of speech.

   g. Ignoring the rule that requires: "Notice of termination shall be provided to a tenured member of the faculty no less than the equivalent of one academic year prior to the effective date of termination of employment". (Bylaws and Regulations of the Board, Chapter II, Section 2-8, tenured faculty (1), p. 41].

20.

By failing to follow its own Bylaws and Regulations, by ignoring its own internal appeals process, and refusal to give Dr. Odynocki all the benefits of his tenure prior to terminating his employment, SUNO has breached its contractual obligations to the plaintiff.

21.

Due to discrimination, retaliation and unfair treatment committed by the defendants, Dr. Odynocki suffered and continues suffer emotional distress, mental anguish and humiliation.

22.

By engaging in an effort to force Dr. Odynocki to resign (on December 15, 2021, Dr. Ford asked the plaintiff to retire) due to his race, nationality, and age, SUNO, Dr. Ford and Dr. Harrell have intentionally or in the alternative, negligently inflicted severe emotional distress on Dr. Odynocki.

7

## **RELIEF SOUGHT:**

23.

Plaintiff requests that the Court find SUNO, Dr. Ray L. Belton, Dr. James Ammons, and Dr. Gregory F. Ford, to be in breach of their tenure contract with Dr. Odynocki, to be in violation of his rights as the U.S. citizen and a tenured member of the SUNO faculty, that plaintiff be reinstated to his tenured position in the Department of Social Sciences, or find a suitable alternative position within the SU system, that Dr. Odynocki be awarded any back pay and benefits up to the date of his reinstatement, or in lieu of reinstatement, a lump sum be awarded to him for his future lost wages, and that all other compensatory and punitive damages to which plaintiff is entitled be awarded to him under both federal and state laws.

Respectfully submitted by

*Boris Odynocki*
Dr. Boris Odynocki
Plaintiff *pro se*
234 Goldenwood Dr.
Slidell, La 70461
Tel: 985-649-4844